Dominic Edward Capeci, I, Esquire, Law Offices of Dominic E. Capeci, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Christopher C. Fuller, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM **

Irfan Pervai Bhatti, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir.2009), and we deny the petition for review.

The BIA did not abuse its discretion in denying Bhatti's motion to reopen, where Bhatti failed to demonstrate a change in country conditions in Pakistan. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin*, 588 F.3d at 988–89 (BIA did not abuse its discretion in denying a motion to reopen where the evidence submitted was consistent with evidence presented to the IJ, and did not show any change in country conditions). Bhatti's contention that the BIA applied

an incorrect legal standard in ruling on his motion to reopen is not supported by the record.

We reject Bhatti's contention that the BIA overlooked some of his evidence, because he has not overcome the presumption that the BIA reviewed the record in its entirety. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Contrary to Bhatti's contention, there is no indication in the BIA's order that it failed to consider Bhatti's claims for withholding of removal and protection under the Convention Against Torture.

**PETITION FOR REVIEW DENIED.**

**Anton Wibowo HARTONO and Fnu Shinta, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70048.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 9, 2012.

James Charles Angleton, Esquire, Law Office of James C. Angleton, Los Angeles, CA, for Petitioners.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Todd J. Cochran, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS and GOULD, Circuit Judges.

## MEMORANDUM **

Anton Wibowo Hartono and Shinta, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Hartono's motion to reopen as untimely because the motion was filed more than four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Hartono failed to establish changed circumstances to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 987, 989–90 (the new evidence must be "qualitatively different" from the evidence at the previous hearing).

We lack jurisdiction to consider any challenge to the BIA's decision not to sua sponte reopen proceedings. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011).

We deny Hartono's motions for judicial notice. *See Fisher v. INS*, 79 F.3d 955,

*See* Fed. R.App. P. 34(a)(2).

963 (9th Cir.1996) (en banc); *cf. Gafoor v. INS*, 231 F.3d 645, 655–56 (9th Cir.2000) (the court may take judicial notice of dramatic events and will remand to the agency for consideration).

On April 30, 2012, petitioners submitted several motions based on a completely different set of underlying facts. We deny these motions.

Finally, we reject Hartono's argument that the BIA violated his right to a full and fair hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

